# FILED

JUN 27 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. **17CR** **442** |
| | ) | |
| HIRSH MOHINDRA, | ) | Violations: Title 18, United States |
| STEVEN MILLER, and | ) | Code, Section 1343 |
| BRIAN PATTERSON | ) | |

JUDGE BUCKLO

MAGISTRATE JUDGE KIM

## COUNT ONE

The SPECIAL DECEMBER 2016 GRAND JURY charges:

1.    At times material to this Indictment:

a.    Defendant HIRSH MOHINDRA bought and sold properties through at least two companies, Aura Development, Inc., and Futura Development, LLC.

b.    Defendant STEVEN MILLER acted as a mortgage broker and owned, controlled, or used the name SNL Properties, LLC.

c.    Defendant BRIAN PATTERSON was a loan processor at Primary Residential Mortgage, Inc.

d.    Primary Residential Mortgage, Inc., and Mortgage Solutions of Colorado were financial institutions, specifically mortgage lending businesses, that financed or refinanced debt secured by an interest in real estate and whose activities affected interstate commerce.

1

e.     Lenders required mortgage loan applicants to provide truthful information, including truthful information about the sales price of the property; the source of the earnest money and down payment; any payments to the applicant for purchasing the property; and the applicant's financial condition, employment, income, assets, and intention to occupy the property, which information was material to the lenders' approval, terms, and funding of mortgage loans. In addition, lenders required the sellers of the property to provide truthful information regarding the sales price of the property and any payments to the buyer for purchasing the property, which was material to the approval, terms, and funding of mortgage loans.

f.     Lenders sold the mortgage loans to other lenders and institutions (successors). Lenders disclosed that the mortgage loans could be sold and the likelihood that the mortgage loans would be sold. The information provided in loan applications and supporting documents, including the sales price of the property; the source of the earnest money and down payment; any payments to the buyer for purchasing the property; and the buyer's financial condition and intention to occupy the property, was material to the successors' decisions to purchase the mortgage loans. The U.S. Department of Housing and Urban Development, through the Federal Housing Administration, provided insurance guaranteed by the United States government to private lending institutions that financed federally-insured mortgage loans to qualified borrowers. The information contained in HUD-1 settlement

2

statements, loan applications, and other supporting documents, was also material to the Federal Housing Administration's decision to insure mortgage loans.

2.      Beginning no later than in or about 2011, and continuing at least until in or about October 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

HIRSH MOHINDRA,
STEVEN MILLER, and
BRIAN PATTERSON,

defendants herein, along with others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme to defraud lenders and their successors and to obtain money and property from lenders by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme affected a financial institution and is further described below.

3.      It was part of the scheme that defendants HIRSH MOHINDRA, STEVEN MILLER, and BRIAN PATTERSON fraudulently obtained mortgage loans from lenders by making and causing to be made materially false representations in documents submitted to lenders, including loan applications, HUD-1 settlement statements, and real estate sales contracts, concerning, among other things, the sales price of the property, the source of the earnest money and down payment, and the buyer's financial condition, employment, income, assets, and intention to occupy the property, and by concealing and causing to be concealed material facts regarding

3

payments made to the buyer and others.

4.     It was further part of the scheme that defendants HIRSH MOHINDRA and STEVEN MILLER recruited buyers to purchase properties in the Englewood neighborhood of Chicago promising that: (i) the buyers would not have to pay any of their own money toward the purchase of the properties, including earnest money, down payments and mortgage payments; and (ii) the buyers would be paid for purchasing the properties.

5.     It was further part of the scheme that defendants HIRSH MOHINDRA and STEVEN MILLER recruited buyers to purchase properties knowing that the transactions would be financed by making false statements to, and concealing material facts from, lenders to obtain mortgage loans.

6.     It was further part of the scheme that defendants HIRSH MOHINDRA, STEVEN MILLER, and BRIAN PATTERSON caused to be prepared and submitted to lenders:

   a.     applications and supporting documents that defendants HIRSH MOHINDRA and STEVEN MILLER knew falsely represented that the buyers intended to occupy the properties to be purchased;

   b.     applications and supporting documents that defendants HIRSH MOHINDRA, STEVEN MILLER, and BRIAN PATTERSON knew falsely represented the buyers' employment and income, including falsely representing that the buyers were employed by Aura Development, Inc., and Futura Development, Inc.;

4

c.     applications and supporting documents, including bank account statements, that defendants STEVEN MILLER and BRIAN PATTERSON knew falsely represented the buyers' assets; and,

d.     HUD-1 settlement statements that defendants HIRSH MOHINDRA, STEVEN MILLER, and BRIAN PATTERSON knew contained false information, including false information about the sales price of the properties, the true source of the buyers' earnest money payments, and undisclosed payments to buyers for purchasing the properties.

7.     It was further part of the scheme that defendants HIRSH MOHINDRA and STEVEN MILLER provided the buyers' earnest money and down payment funds for the purchase of the properties and caused to be prepared and submitted to lenders applications and HUD-1 settlement statements that defendants knew falsely represented that the buyers' relatives and other associates were the source of those funds.

8.     It was further part of the scheme that defendants HIRSH MOHINDRA and STEVEN MILLER paid buyers for purchasing the properties and caused to be prepared and submitted to lenders HUD-1 settlement statements that defendants knew concealed those payments to the buyers, which at times were used to make the mortgage payments on the properties.

9.     It was further part of the scheme that defendants HIRSH MOHINDRA, STEVEN MILLER, and BRIAN PATTERSON facilitated buyers' fraudulent

5

purchases of properties in Chicago Illinois, including the following: (a) 5118 S. May Street; (b) 6735 S. Laflin Avenue; (c) 7011 S. Carpenter Street; (d) 6444 S. Morgan Street; (e) 6613 S. Marshfield Avenue; and (f) 5413 S. Honore Street.

10.     It was further part of the scheme that defendants HIRSH MOHINDRA, STEVEN MILLER, and BRIAN PATTERSON concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

11.     On or about November 4, 2011, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

HIRSH MOHINDRA and
STEVEN MILLER,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Fedwire Funds Service of approximately $259,865 from the account of Primary Residential Mortgage, Inc., to the account of Primary Title Services, LLC, to fund a loan to Buyer A to purchase 5118 S. May Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1 through 10 of Count One are incorporated here.

2.    On or about December 9, 2011, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

HIRSH MOHINDRA<br>
STEVEN MILLER, and<br>
BRIAN PATTERSON,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Fedwire Funds Service of approximately $260,314 from the account of Primary Residential Mortgage, Inc., to the account of Primary Title Services, LLC, to fund a loan to Buyer B to purchase 6735 S. Laflin Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## **COUNT THREE**

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1 through 10 of Count One are incorporated here.

2.     On or about January 27, 2012, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

HIRSH MOHINDRA,<br>
STEVEN MILLER, and<br>
BRIAN PATTERSON,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Fedwire Funds Service of approximately $323,461 from the account of Primary Residential Mortgage, Inc., to the account of Primary Title Services, LLC, to fund a loan to Buyer C to purchase 7011 S. Carpenter Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

8

## COUNT FOUR

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1.      The allegations contained in paragraphs 1 through 10 of Count One are incorporated here.

2.      On or about April 17, 2012, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

HIRSH MOHINDRA,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Fedwire Funds Service of approximately $303,575 from the account of Mortgage Solutions of Colorado to the account of Primary Title Services, LLC, to fund a loan to Buyer D to purchase 6444 S. Morgan Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## **COUNT FIVE**

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1 through 10 of Count One are incorporated here.

2.    On or about October 17, 2012, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

HIRSH MOHINDRA,
STEVEN MILLER, and
BRIAN PATTERSON,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System of approximately $206,492 from the account of Mortgage Solutions of Colorado to the account of Primary Title Services, LLC, to fund a loan to Buyer E to purchase 6613 S. Marshfield Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATION**

The SPECIAL DECEMBER 2016 GRAND JURY further alleges:

1.      Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendants HIRSH MOHINDRA and STEVEN MILLER shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.      As to defendant HIRSH MOHINDRA, the property to be forfeited includes, but is not limited to a personal money judgment in the amount of approximately $639,295, which funds represent the proceeds defendant HIRSH MOHINDRA personally obtained from the offense.

3.      As to defendant STEVEN MILLER, the property to be forfeited includes, but is not limited to a personal money judgment in the amount of approximately $377,031, which funds represent the proceeds defendant STEVEN MILLER personally obtained from the offense.

11

4.     If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____

ACTING UNITED STATES ATTORNEY